In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1407

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONALD GIPSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04-CR-30061-01-WDS—**William D. Stiehl,** *Judge.*

ARGUED AUGUST 3, 2005—DECIDED AUGUST 10, 2005
PUBLISHED SEPTEMBER 28, 2005[Œ]

Before KANNE, WOOD, and SYKES, *Circuit Judges.*

PER CURIAM. Without the benefit of a plea agreement,
Ronald Gipson pleaded guilty to one count of possession
of more than five grams of crack cocaine, 21 U.S.C. § 844(a),
and was sentenced within the guideline range to 108
months' imprisonment. On appeal Gipson renews his
argument that a sentence based upon the guidelines
is unreasonable because the guidelines punish crack cocaine

---

[Œ] This decision was originally issued as an unpublished order
on August 10, 2005. Upon request, the panel has determined
that this decision should now issue as a published opinion.

offenses too severely relative to offenses involving powder cocaine. We affirm.

After fleeing from police officers, Gipson was arrested and later charged with possession of 6.2 grams of crack cocaine. During that chase, a pursuing officer dislocated his shoulder. In August 2004, Gipson pleaded guilty in an open plea to the charge in the indictment. For the offense, a probation officer recommended in Gipson's presentence investigation report a guideline range of 92 to 115 months. This range was based on a total of offense level of 23, which took into account the 6.2 grams of crack cocaine found in Gipson's possession and his acceptance of responsibility, and his criminal history category of VI.

In February 2005, at his sentencing hearing, Gipson argued for a sentence below the guideline range, contending that the guidelines created an unreasonably severe disparity in punishment for crack cocaine versus cocaine powder. The district court rejected Gipson's argument after contemplating that Congress has thus far chosen to maintain the sentencing differential between crack cocaine and powder cocaine. Relying on the guidelines as advisory and the factors listed in 18 U.S.C. § 3553(a), the district court sentenced Gipson in the middle of the guideline range. In imposing the sentence, the court took into account Gipson's flight during the arrest and the resulting injury to one of the officers, the dangerous effects of the crime on society, and Gipson's extensive criminal history.

Gipson's sole argument on appeal is that the penalties under the guidelines for crack cocaine as contrasted with powder are "grossly disproportionate," and therefore his sentence is unreasonable within the meaning of *United States v. Booker*, 125 S. Ct. 738, 765-66 (2005). According to Gipson, dealing crack and powder cocaine constitute similar conduct; by punishing crack cocaine with a proportionately higher penalty than cocaine in its powder form, the district

court failed to consider "the need to avoid unwarranted sentence disparities" among similarly situated defendants, as enumerated in 18 U.S.C. § 3553(a)(6). In further support of this argument, Gipson points to *United States v. Smith*, 359 F. Supp. 2d 771, 777 (E.D. Wis. 2005), *appeal dismissed*, No. 05-1910 (7th Cir. May 18, 2005), where the district court opined that the sentencing guidelines, which punish one gram of crack the same as 100 grams of powder cocaine, "lack[ ] persuasive penological or scientific justification." And, Gipson adds, the sentencing differential has a disparate impact on African Americans.

The question in the present case, however, is not whether after *Booker* a sentencing court may use the differential as a reason to impose a shorter sentence than the one recommended by the guidelines, but rather whether it is error for a court *not* to have taken the differential into account. Given the fact that we have routinely upheld the differential against constitutional attack, including equal protection claims, *see, e.g.*, *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997) ("In light of the fact that every constitutional challenge to the penalty differential . . . has failed, this argument cannot succeed."); *United States v. Booker*, 73 F.3d 706, 710 (7th Cir. 1996) (rejecting argument that district court should have departed downward because higher penalties imposed on crack cocaine have disparate impact on African Americans), and, under the pre-*Booker* guideline system, rejected wholesale downward departures from the guideline on this basis, *id.* at 710 ("[E]very circuit court to address the issue has concluded a departure . . . on this basis is not warranted."), it would be inconsistent to *require* the district court to give a nonguideline sentence based on the differential. Moreover, the district court imposed a sentence within the guideline range, which needs "little explanation" for our reasonableness review. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005); *see United States v. Mykytiuk*, 15 F.3d 606, 607 (7th Cir. 2005) (sen-

tences within the guideline range are presumed to be reasonable).

Accordingly, we AFFIRM Gipson's sentence.

A true Copy:

　　　　Teste:

　　　　　　　　　　_____
　　　　　　　　　　*Clerk of the United States Court of*
　　　　　　　　　　*Appeals for the Seventh Circuit*