**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2005
Decided November 30, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1490

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>JUAN M. LIMON-ROSAS,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 04-CR-221-1<br><br>Joan Humphrey Lefkow,<br>*Judge.* |

**O R D E R**

Juan Manuel Limon-Rosas pleaded guilty to being in the United States without permission following his removal in violation of 8 U.S.C. § 1326(a). The district court sentenced Limon-Rosas to 57 months' imprisonment, two years' supervised release, and a $100 special assessment. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Limon-Rosas has not accepted our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and because counsel's supporting brief is facially adequate, we limit our review to the

potential issues identified by counsel, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

When Limon-Rosas was arrested in Illinois for domestic battery in January 2004, law enforcement authorities discovered that he previously had been removed to Mexico following an Illinois conviction for mob action. Limon-Rosas admitted that he returned to the United States without permission but told the court that he came back to care for his four minor children who still lived here with their mother. He also asserted that the United States has been his only home since he was an infant and that he has no living relatives in Mexico. The district court, mindful of Limon-Rosas's reasons for returning to the United States and the discretionary nature of the sentencing guidelines, sentenced Limon-Rosas at the bottom of the guideline range.

In his brief, counsel first advises that Limon-Rosas does not wish to rescind his guilty plea. Thus counsel correctly avoids framing any potential issue about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel then considers whether, despite the fact that sentencing occurred after *United States v. Booker*, 125 S. Ct. 738 (2005), Limon-Rosas could argue that his offense level was improperly increased by 16 levels when the judge and not a jury determined that his prior conviction for mob action constitutes a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A). But the proper characterization of the conviction is a legal, not factual, question, *United States v. Byrant*, 310 F.3d 550, 552 (7th Cir. 2002), and in any event, prior convictions remain excluded from the limitations on judicial factfinding that led to *Booker*, *see Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005). In addition, judicial findings of fact, such as the fact of a prior conviction, that affect only the guideline range do not raise constitutional concerns since the judge is no longer required to impose the guideline sentence. *See United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). This potential argument therefore is frivolous.

Counsel also considers whether Limon-Rosas could argue that his prison term is unreasonable because the district court declined to sentence him below the guideline minimum based upon his cultural assimilation. Any sentence within a properly calculated guideline range is presumptively reasonable. *United States v. Paulus,* 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district judge evaluated Limon-Rosas's arguments and concluded that his case did not warrant a sentence below the guideline minimum because, she reasoned, many deportable aliens must leave family and friends when

they are imprisoned or removed. The district court then looked to the factors in 18 U.S.C. § 3553(a) and imposed a 57-month sentence, noting that she thought the circumstances were unfortunate but that the sentence nonetheless must reflect the seriousness of his crime and not be so lenient as to be unfair to other similarly situated aliens. Since a judge is not required to accept an argument for imposing a discretionary sentence below the guideline range, it would be frivolous for Limon-Rosas to argue on this record that his prison sentence is unreasonable. *See United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.