UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2005
Decided February 8, 2006

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1044

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff-Appellee*,<br><br>  *v.*<br><br>ANTHONY L. GOUGE,<br>   *Defendant-Appellant.* | Appeal from the United States<br>District Court for the<br>Western District of Wisconsin.<br><br>No. 04 CR 119<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Anthony Gouge pled guilty to a charge of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). In his written plea agreement, Gouge acknowledged that the government could prove that his relevant conduct involved as much as 20 grams of crack. The presentence report recommended that Gouge's relevant drug quantity for sentencing purposes was 23 grams, based upon five sales to confidential informants and the testimony of several witnesses before the grand jury. Sentencing took place during the six-month interval between this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and the Supreme Court's decision in the same case, *United States v. Booker*, 543 U.S. 220 (2005).

Prior to sentencing, Gouge did not specifically object to the factual basis underlying the PSR's recommendation that he be held responsible for 23 grams of crack; he argued instead that under this court's *Booker* decision, a jury was required to determine whether he was responsible for anything more than the 20 grams to which he had stipulated in his plea agreement. This was his only objection to the sentencing proceedings. The district court, anticipating the Supreme Court's *Booker* decision, fashioned a discretionary sentence utilizing the criteria found in 18 U.S.C. § 3553(a) and consulting the Sentencing Guidelines in an advisory capacity only. The court's discretionary sentence was 78 months—right in the middle of the advisory guidelines range of 70-87 months.

On appeal Gouge contends for the first time that his sentence is unreasonable under *Booker* because the applicable guidelines regime—which punishes distribution of 1 gram of crack commensurate with the distribution of 100 grams of powdered cocaine—is itself unreasonable. *See* U.S.S.G § 2D1.1(c)(4). He contends that the 100:1 ratio is unsupported by any cogent crime prevention or pharmaceutical rationale, impacts minorities disproportionately, is based upon outdated and incorrect assumptions about the relative harm posed by the two forms of cocaine, and is generally the subject of widespread criticism. Gouge argues that any sentence premised upon such an unjustifiable sentencing disparity is unreasonable.

Whatever merit may have existed in Gouge's argument at the time he filed his appeal has dissipated with this court's decision in *United States v. Gipson*, 425 F.3d 335 (7th Cir. 2005), which considered and rejected the precise position Gouge advances here. Gipson had argued, as does Gouge, that his sentence was unreasonable within the meaning of *Booker* because of the "grossly disproportionate" sentence disparity between crack and powder in the Sentencing Guidelines. *Id.*, 425 F.3d at 337. Noting that this circuit had "routinely upheld the [crack/powder] differential against constitutional attack . . . and, under the pre-*Booker* guideline system, rejected wholesale downward departures from the guidelines on this basis," the court in *Gipson* found no error in the district court's failure to account for the crack/powder differential in fashioning a discretionary sentence. *Id.* Stated differently, the court declined Gipson's invitation to hold *all* guidelines sentences in crack cases unreasonable by virtue of the crack/powder differential. *Id.*

Our holding in *Gipson* disposes of the only argument on appeal. Accordingly, Gouge's sentence is AFFIRMED.