**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 17, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1268

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02 CR 80 |
| JESSE MARTINEZ,<br>*Defendant-Appellant.* | Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

In light of our decision to allow Jesse Martinez to belatedly file an argument regarding the reasonableness of his sentence, we vacate our order of March 20, 2006, and replace it with this order, which also serves as a partial grant of his petition for rehearing filed on March 23, 2006. We remanded this case under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), in order to ask the district judge whether he would have imposed a lesser sentence on Jesse Martinez had he known at the time of sentencing that the federal sentencing guidelines are advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). After reviewing written arguments from both parties, the district court concluded that the original sentence remained appropriate. We invited both parties to comment on the reasonableness of the sentence, and we now affirm.

Martinez pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court imposed a sentence of 188 months, the bottom of the range of 188-235 months, which was calculated based on adjustments for Martinez's status as a career offender, *see* U.S.S.G. § 4B1.1(b), and his acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Martinez did not challenge the calculation of the guideline range, so we accept it as properly calculated and therefore presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Martinez may rebut the presumption by establishing that the sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *See id.*

Martinez now argues that his sentence is unreasonable because his base offense level under the guidelines was 34 instead of 32 because his crime involved crack rather than powder cocaine. According to Martinez, sentences for offenses involving crack cocaine that do not account for the disparity are unreasonable because they overstate the seriousness of the crime, provide "more than just punishment for the offense," and fail "to promote respect for the law." But we have already held that a sentencing court is not required to take the differential into account. *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005) (per curiam).

Martinez also takes issue with the district court's "refusal to consider" his argument regarding the disparity between sentences for crack and powder cocaine offenses, contending that the court's failure to comment on his argument renders the sentence unreasonable. We cannot agree that the court "refused to consider" the argument; the more likely inference given the parties' written submissions is that the court considered and rejected the invitation to impose a lesser sentence based on this factor. Martinez cites *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005) for the proposition that the district court cannot ignore arguments made by the defendant. *Cunningham*, however, holds only that district courts should consider arguments "of recognized legal merit," *id.* at 679. Given our holding in *Gipson*, the district court was not obligated to specifically discuss Martinez's argument regarding the disparity between crack and powder. Moreover, *Cunningham* is not particularly helpful here. *Cunningham* lays out what we require of district courts when sentencing defendants after *Booker*; it does not address a district court's obligations in a limited *Paladino* remand. The district court complied with the procedures set forth in *Paladino*: it obtained the views of counsel in writing and, upon reaching its conclusion, placed in the record a decision not to resentence with an appropriate, albeit brief, explanation. *See Paladino*, 401 F.3d at 484; *Mykytiuk*, 402 F.3d at 779; *United States v. Bianucci*, 416 F.3d 651, 658 (7th Cir. 2005). Martinez was entitled to no more.

In light of this amended order, Martinez's petition for rehearing is GRANTED in part and DENIED in part. The judgment of the district court is AFFIRMED.