

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# USA v. Marshall

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Marshall" (2006). *2006 Decisions.* Paper 901.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/901

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2549
_____

UNITED STATES OF AMERICA,

v.

DAMION MARSHALL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Crim. Action No. 05-cr–00050
(Honorable Ronald B. Kugler)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2006

Before: FUENTES, STAPLETON and ALARCÓN,[*] *Circuit Judges*

(Filed:   June 14, 2006)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

_____

   [*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Mr. Damion Marshall pled guilty to a single count information charging him with distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) on January 19, 2005. He appeals from the District Court's sentencing decision. He argues that his sentence of 168 months is unreasonable because the District Court did not consider the factor set forth in 18 U.S.C. § 3553(a)(6)–"sentencing disparity." The gist of Mr. Marshall's argument is that a comparatively stiff sentence for distributing cocaine base is unreasonable when compared to less severe penalties for distributing cocaine powder. Mr. Marshall also contends that the sentence was unreasonable because it did not meet the requirement that it be sufficient, but not greater than necessary to achieve the purposes of sentencing. He also argues that the District Court put undue emphasis on his criminal history. We disagree and affirm the District Court's sentencing decision.

**I**

Between October 2003 and March 2004, an undercover officer conducted a number of transactions with Mr. Marshall, purchasing crack cocaine for dollar amounts ranging from $40 to $400. There was one final transaction in the amount of $1,260. On April 6, 2004, Mr. Marshall was arrested by officers from the Drug Enforcement Administration for distribution of crack cocaine.

Beginning at age 13, Mr. Marshall was arrested and incarcerated on numerous occasions, primarily for drug offenses. When Mr. Marshall was a minor, he was also charged with assault and murder. Explaining his arrest for the instant offense, Mr. Marshall stated that he could not find employment after being released from state prison in 2002. He claims that he turned to drug dealing because he was desperate for money and had to support two children.

The probation department calculated Mr. Marshall's total offense level at 29, with a criminal history category of VI, placing him in a Sentencing Guideline range of imprisonment from 151 to 188 months. At sentencing, Mr. Marshall asked the court to impose a sentence at the bottom of the range pursuant to the factors set forth in 18 U.S.C. § 3553(a). The court imposed a sentence of 168 months imprisonment, three years supervised release, and a fine of $1,000.

## II

### A

A criminal sentence is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264. District Courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 325-26 (3d Cir. 2006) (citing

3

*Booker,* 543 U.S. at 259-60). Pursuant to 18 U.S.C. § 3553(a), courts must consider the following factors when fashioning a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
(5) any pertinent policy statement . . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

"The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *Cooper*, 437 F.3d at 329 (citing *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005)). A court does not have to "discuss and make findings as to each of the § 3553(a) factors . . . ." *Id.*

4

In the instant case, the record reflects that the District Court made findings as to each of the factors listed in § 3553(a). The court stated "[l]ooking at 3553 and the Sentencing Guidelines, I do find that a sentence between the guideline range would be reasonable." The District Court recounted Mr. Marshall's troubled past and criminal history. It then considered the factors enunciated in § 3553(a)(1) & (2)(A): "the nature and circumstances of the offense, and the history and characteristics of this defendant, . . . [and] the need for the sentence imposed to reflect the seriousness of the offense." The court determined that the sentence must "provide just punishment, to afford adequate deterrence to criminal conduct" because Mr. Marshall "doesn't have respect for the law." The court also expressed a desire to protect the public, reflecting the factor set forth in § 3553(a)(2)(C).

Regarding rehabilitation and education, the factors set forth in § 3553(a)(2)(D), the Court stated "[w]e can only hope that he gets into some kind of drug treatment program. He keeps an open mind and turns him around (sic)." The court concluded "[t]he only way I know how to make you stop doing it is to put you in prison where you can't do it anymore. We hope that if you finally get the message, and when you get out, you try even harder to get a job, to support your kids and your family[.]"

At sentencing, Mr. Marshall's counsel argued that the sentence should be at the lower end of the range due to the disparity in sentences for those caught dealing in crack

cocaine, as opposed to those sentenced for selling powder cocaine. Pursuant to §

3553(a)(6), courts must consider "the need to avoid unwarranted sentence disparities

among defendants with similar records." The District Court recognized the instant case

"involves multiple sales, [of] very small amount[s]of crack cocaine." It considered Mr.

Marshall's argument, but rejected it. Addressing the disparity in sentences for sellers of

crack cocaine and powder cocaine, the District Court stated "I hear what you are saying

. . . about this law. And, of course, you're not the first one to raise this issue about what

you see are the disparities in the Sentencing Guidelines and the sentences for these kinds

of offenses."

After *Booker*, a District Court may consider sentencing disparity, along with the

other factors listed in § 3553(a), as reasons to impose a sentence outside the Guidelines

range. *Booker,* 543 U.S. at 261, 264. But *Booker* does not compel the District Court to

impose a shorter sentence. Provided that the sentence is reasonable, a District Court does

not err when it rejects counsel's argument to impose a sentence at the lower end of the

Guideline range. *Id.*; *see also U.S. v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005)

(rejecting a similar challenge to a sentence based on the differential between sentences for

selling crack as opposed to powder cocaine.)

This court has "upheld the constitutionality of both the federal drug statutes (21

U.S.C. §§ 841(b)(1) & 846) and the guideline provisions (U.S.S.G. § 2D1.1) that treat

6

crack cocaine offenses more severely than offenses involving an equal quantity of cocaine powder." *United States v. Alton*, 60 F.3d 1065, 1069 (3d Cir. 1995) (citing *United States v. Frazier*, 981 F.2d 92 (3d Cir. 1992)). *Booker* does not compel a different result in the instant case.

In acknowledging that offenses related to the sale of crack cocaine are treated more severely, the District Court stated "that's a judgment that's made by Congress. And the Guidelines reflect it. And there isn't really much[,] if I were so inclined, there isn't much I can do about that." Mr. Marshall relies upon a narrow reading of this statement to support his argument that the District Court erred in concluding it lacked discretion to impose a sentence outside of the Guidelines range.

As a preliminary matter, the phrase "if I were so inclined," indicates that the District Court was not interested in imposing a sentence below the Guidelines range. But more importantly, the record shows that the court analyzed the sentence in light of the factors set forth in § 3553(a) and determined that the sentence was reasonable. The Court stated: "Looking at 3553 and the Sentencing Guidelines, I do find that a sentence between the guideline range would be reasonable." The Court calculated the sentence under the Guidelines and conducted independent analysis under § 3553(a) to determine that the sentence was reasonable. Accordingly, there is no merit to the argument that the District Court failed to apprehend that it had discretion to sentence Mr. Marshall to any

7

reasonable sentence pursuant to § 3553(a).

**B**

Mr. Marshall argues that the court's sentence violated § 3553(a)(6) because the court failed "to consider sentencing disparities in determining what sentence is 'sufficient, but not greater than necessary,' to achieve the purposes of sentencing." Appellant's Br. 21. Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph (2) of § 3553(a) enumerates four factors that need to be considered in fashioning a sentence. Before pronouncing sentence, the District Court discussed and analyzed each of the four factors. Contrary to Mr. Marshall's suggestion, sentencing disparity is not one of the factors listed in 18 U.S.C. § 3553(a)(2). Nevertheless, the Court also considered sentencing disparity pursuant to § 3553(a)(6), and rejected Mr. Marshall's argument for a lower sentence.

**C**

Mr. Marshall also suggests that the District Court erred by treating the Guidelines as "presumptively reasonable." Appellant's Br. 23. "The advisory guidelines range is itself one of the § 3553(a) factors, 18 U.S.C. § 3553(a)(4), and continues to play an integral part in sentencing decisions." *Cooper*, 437 F.3d at 331 (citing *Booker*, 543 U.S.

8

at 264).  Mr. Marshall concedes that the Sentencing Guidelines must be considered when fashioning a sentence.  Appellant's Br. at 17-18.  Although the Sentencing Guidelines are discretionary, the district courts "must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S at 264.  The Court analyzed the sentence for reasonableness pursuant to the factors enunciated in § 3553(a).  The District Court did not treat the Guidelines as presumptively reasonable.

**D**

Mr. Marshall claims the District Court erred by placing too much emphasis on Mr. Marshall's criminal history.  However, he also concedes that "[g]iven the magnitude of this offense level, Marshall's categorization as a Career Offender, pursuant to U.S.S.G. § 4B1.1, had little impact on his ultimate advisory guideline range."  Appellant's Br. 10.  Mr. Marshall states that the Career Offender designation increased his total offense level by two additional levels.   He does not cite any case or statute to support his argument that the District Court erred by putting too much weight on his criminal history.

At sentencing, the court found that Mr. Marshall has a "terrible" past.  The court described Mr. Marshall's criminal history:

> Terrible criminal record.  Aggravated assault, drug cases,
> starting as a juvenile.  Obstructing the administration of law,
> disturbing the peace, state charges he's awaiting sentence on
> right now.  Assault.  Doesn't have a great background.  Didn't
> finish high school.  Never had a job.  I understand what

9

you're saying, . . . about the difficulty at this point of his life to getting (sic) a job. Absolutely convinced that's true. Can't be easy. But he's got to try, he's got to stop this life. He's got to stop these crimes. Just as Mr. Marshall himself said, this is poison.

In view of his criminal history, the District Court opined "he's got to stop these crimes. Just as Mr. Marshall himself said, this is poison. You're killing people out. (sic) You're destroying your family, destroying other people's families." The Court concluded that the only way it could stop Mr. Marshall from committing similar crimes in the future was to incarcerate him for a long period of time. Explaining its analysis of the reasonableness of the sentence pursuant to § 3553(a), the Court stated that "[g]iven his history, I don't know what else we can do to try to deter him other than to put him in prison. Protect the public. Certainly we have to protect the public from his crimes."

The record shows the District Court considered Mr. Marshall's criminal history in light of each of the factors listed in § 3553(a). He has failed to demonstrate the District Court placed an undue emphasis on Mr. Marshall's criminal history, or otherwise fashioned a sentence that was unreasonable.

For the foregoing reasons, we will affirm the judgment of the District Court.

10