UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 12, 2006[*]
Decided September 5, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1437

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff-Appellee,*<br><br>　　　*v.*<br><br>GREGORY FLOWERS,<br>　　*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.<br><br>No. 04 CR 42<br><br>Robert L. Miller, Jr.,<br>*Chief Judge.* |

**O R D E R**

　　Gregory Flowers appeals his 70-month sentence for possession with intent to distribute cocaine base, arguing that the sentence is unreasonable because of the sentencing judge's failure to examine the disparity in the Sentencing Guidelines between the advisory range for identical quantities of cocaine base and powder cocaine. The record reveals that Chief Judge Miller appropriately considered the factors described in 18 U.S.C. § 3553(a) as they applied to Flowers's case. As

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

discussed more fully below, we therefore affirm the judgment of the district court.

## I. BACKGROUND

In 2004, Gregory Flowers was charged with possession with intent to distribute marijuana and crack cocaine (cocaine base) within 1,000 feet of a playground, 21 U.S.C. §§ 841(a)(1), 860, and possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). After a trial, Flowers was convicted on all counts on July 8, 2004. The district court sentenced Flowers to 108 months' imprisonment on each of the drug counts, to be served concurrently, and 60 months' imprisonment on the gun count, to be served consecutively.

Flowers's narcotics sentences were based on a miscalculation of the appropriate Guidelines range. On appeal, the Government acknowledged that the district court had erred in including the weight of the packaging in calculating the applicable drug weight. This miscalculation resulted in Flowers being sentenced for 49% more cocaine base and 30% more marijuana than was appropriate. We vacated the first sentence and remanded for resentencing.

On remand, the district court recalculated the advisory Guidelines range on the basis of the correct drug quantities and imposed concurrent sentences of 70 months for the drug counts. Flowers filed a timely appeal of his sentence on January 3, 2006.

## II. ANALYSIS

Flowers raises only one argument in this appeal — that his sentence is unreasonable because the district court failed to take account of the disparity in the Guidelines' treatment of crack cocaine and powder cocaine. As an initial matter, we note that though the group of drugs that are considered cocaine base includes drugs other than crack cocaine, the terms are interchangeable for purpose of a sentence involving crack. *See generally United States v. Edwards*, 397 F.3d 570, 573-76 (7th Cir. 2005) (discussing the split among the circuits as to whether possession of cocaine base that is not crack should be subject to enhanced penalties that are intended for crack cocaine possession). Following the Supreme Court's decision in *United States v. Booker*, we review sentences for reasonableness. 543 U.S. 220, 261-62 (2005). The determination of whether a sentence is reasonable is governed by the factors enumerated in 18 U.S.C. § 3553. *See id.* We have determined that a sentence which falls within the Guidelines' range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant challenging his sentence can rebut this presumption by demonstrating that his sentence unreasonably conflicts with the Section 3553 factors. *See id.*

Flowers bases his argument on 18 U.S.C. § 3553(a)(2)(A), which requires the sentencing court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The gravamen of Flowers's claim is that consideration of the crack cocaine/powder cocaine disparity is a necessary component of the Section 3553(a)(2)(A) consideration, and that Chief Judge Miller's statements at sentencing demonstrate that he failed to employ the proper analysis. This argument is invalid, resting on two flawed premises.

First, Flowers is incorrect that Chief Judge Miller's statements evince a failure to adequately consider Section 3553. Chief Judge Miller stated that "I think to impose a sentence below the Guideline range, based on the choice Congress has made originally on that, how they treat crack versus how they treat powder cocaine, I think, does require an extraordinary case." He went on to state that "the statute that now controls sentencing says that I am to consider the need to avoid unwarranted sentence disparities among defendants with similar records . . . I simply can't find anything in the nature and circumstances of the offense, looking at all of it, to justify a sentence below that range." This language makes clear that Chief Judge Miller recognized the advisory status of the Guidelines post *Booker* and the requirement that he consider the various factors described in Section 3553. He also considered and rejected Flowers's cocaine disparity argument.

Second, we have already rejected Flower's argument that the Guidelines' disparity between crack and powder cocaine sentences renders a within-Guidelines sentence unreasonable. We addressed this argument in *United States v. Gipson*, 425 F.3d 335, 336 (7th Cir. 2005), which Flowers cites as authority for the proposition that "a district court ha[s] the authority to assess the 100:1 crack/powder disparity as part of the 18 U.S.C. § 3553(a) factors." Whether Flowers's reading of *Gipson* is correct is of no moment, because the central question in *Gipson*, as in the instant case, was simply "whether it is error for a court *not* to have taken the differential into account." *Id.* at 337 (emphasis in original). We concluded that it was not error, stating: "[g]iven the fact that we have routinely upheld the differential against constitutional attack . . . and, under the pre-*Booker* guideline system, rejected wholesale downward departures from the guideline on this basis . . . it would be inconsistent to *require* the district court to give a nonguideline sentence based on the differential." *Id.* (emphasis in original). Here, too, Flowers has not identified any § 3553(a) factor entitling him to a lower sentence.

In sum, Flowers has identified neither factual nor legal error on the part of the district court, and he has identified no precedent in support of his argument. He has also failed to articulate a compelling reason for us to reexamine our prior rulings on this issue.

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.