**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

October 26, 2006

Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Nos. 02-3584 & 02-4344

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern |
| Plaintiff-Appellee, | District of Illinois, Eastern Division. |
| v. | No. 01 CR 567 |
| PEDRO L. CASTILLO and FRANK RODRIGUEZ, | James F. Holderman, *Chief Judge*. |
| Defendants-Appellants. | |

O R D E R

These cases are before the court after a limited remand to the district court pursuant to our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In a comprehensive and thoughtful reply, the district court has informed us that, had it known that the United States Sentencing Guidelines were not mandatory when it first imposed sentence, it nevertheless would have imposed the sentence that it did. In reaching this decision, the court clearly recognized its obligation to apply the sentencing factors enumerated in 18 U.S.C. § 3553(a). It also reviewed the transcripts of the original sentencing hearings.

Furthermore, the court specifically confronted the reasons tendered by each defendant as to why a lesser sentence was appropriate and rejected those submissions. Moreover, it gave specific reasons why each defendant deserved the sentence imposed. It noted the Mr. Rodriguez had played a significant role in the offense. He had introduced the confidential informant to the other defendants; he had provided the confidential informant with samples of the narcotics. He also had attempted to intimidate a witness in this case. Finally, the district court noted that it had considered Rodriquez' personal characteristics, including his history of mental illness.

With respect to Mr. Castillo, the court noted that it had considered his personal characteristics and personal history and had determined that the imposed sentence reflected the seriousness of the offense, respect for the law and provided a just punishment for the offense.

Before us, the defendants now submit that the sentences imposed by the district court are not reasonable. They argue that the district court failed to consider whether a sentence reflecting the disparity between crack and powder cocaine found in the Guidelines was appropriate. We cannot accept this argument. In its memorandum opinion, the district court wrote:

> Additionally, this court does not wish to engage in a consideration of the question of the punishment of crack verses powder cocaine but instead believes that it should follow the Sentencing Guidelines as established by the Sentencing Guideline Commission. *See United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005) (holding that a district court is not required to impose a sentence outside of the Guideline range based on the crack verses powder cocaine differential).

We believe that this passage, fairly read in its entirety, makes clear that the district court understood that it had the authority to impose a sentence that departed from the formulation found in the Guidelines but chose not to do so. The district court's reliance on our decision in *United States v. Gipson,* 425 F.3d 335 (7th Cir. 2005), in which we held that a sentencing court need not depart from the Guideline's formulation, makes clear that the district court can depart if the circumstances of a particular case so require. Indeed, by accepting the Guidelines' formulation as the starting point of the inquiry, the district court simply anticipated our recent decision in *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006).

Sentences within the properly calculated guideline range are presumptively reasonable. The sentences imposed in this case are within that range and were confirmed by the district court during the *Paladino* remand only after careful review

of the record.   Accordingly, we hold that the sentences imposed are reasonable.

We turn briefly to another matter.  In our prior opinion, we noted that the district court needed to clarify that repayment of the $3,000 "buy money" is a condition of supervised release.  In its order, the district court also noted that, in its consideration of the sentence in the *Paladino* remand, it did not address the error that we had noted in our opinion because it believed that our retention of jurisdiction during the *Paladino* remand prevented such action.  The district court was correct in its estimation.  This matter can be addressed in due course upon the termination of proceedings in this court and the receipt of our mandate by the district court.

The judgment of the district court is affirmed in all respects except that the district court is directed to clarify that the $3,000 "buy money" is to be repaid as a condition of supervised release.

IT IS SO ORDERED