NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 18, 2007
Decided May 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-2153

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | |
| | No. 3:05-CR-30058-001-MJR |
| DAVID L. EMERSON, *Defendant-Appellant*. | Michael J. Reagan, *Judge*. |

## O R D E R

David Emerson pleaded guilty to one count of possessing a firearm as a felon and two counts of possessing with intent to distribute cocaine base. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. §§ 841(a)(1), b(1)(B), b(1)(C). The district court sentenced him to 262 months' imprisonment, at the low end of the advisory guidelines range. On appeal Emerson argues that (1) that the district court misunderstood its role under *Booker* when it instructed him to rebut the presumption of reasonableness given to a sentence within the advisory Sentencing Guidelines, and (2) the district court should have lowered his sentence to reduce the disparity between the advisory guidelines ranges for crack and powder cocaine. The record shows that the district court appropriately weighed the sentencing factors of 18 U.S.C. § 3553(a) before

sentencing Emerson; moreover, his argument about the crack and powder cocaine disparity is foreclosed by this court's precedents. We affirm.

## I. Background

In December 2004 police officers responded to a call from the Black Bull Bar and Grill in Brooklyn, Illinois. Officers were told that a man named "David Lee" had brandished a handgun, and upon their arrival they found 49 year-old David Lee Emerson at the bar's entrance. The police asked Emerson to leave peaceably, but he refused, and they arrested him. Subsequent to Emerson's arrest, the officers conducted a pat-down search and found a .45 caliber semiautomatic pistol, as well as nearly 4 grams of cocaine base in his pants pocket. A follow-up investigation revealed that he had been convicted of at least three other felonies, and he was arrested again in April 2005. During the U.S. Marshals search of him, he was found also to be carrying roughly 12 grams of cocaine base.

In May 2005 Emerson was charged with possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing with intent to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C). He pleaded guilty to the charges in August 2005. Because of his three prior violent felony convictions, he was subject to an enhanced sentence under 18 U.S.C. § 924(e), and was deemed an armed career criminal under U.S.S.G. § 4B1.4. Emerson's guidelines imprisonment range was 262 to 327 months, and the district court sentenced him to 262 months.

## II. Discussion

On appeal Emerson does not challenge his guilty plea or the district court's calculation of the advisory guidelines range. Instead he contends that his sentence was procedurally unreasonable and that the district court "misunderstood its authority" under *United States v. Booker*, 543 U.S. 220 (2005), when it required him to overcome the presumption of reasonableness attached to a sentence within the guidelines range.

The Supreme Court granted certiorari in *Rita v. United States*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754), to determine whether the presumption of reasonableness is appropriate, but as the law of this circuit presently stands, Emerson's argument is untenable. *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *see also United States v. Cooper*, 437 F.3d 324, 331-32 (3d Cir. 2006) ("A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range."); *but see United States v. Fernandez*, 443 F.3d 19, 27-28 (2d. Cir. 2006) (declining to hold that a sentence within the guidelines range is presumptively

reasonable).  As we explained in *Gama-Gonzalez*, the presumption of reasonableness means only that if the district court, after reviewing the Guidelines and the sentencing factors set out in 18 U.S.C. § 3553(a), selects a sentence within the guidelines range, the sentence is "unlikely to be problematic." *Gama-Gonzalez*, 469 F.3d at 1110-11.

Here Emerson argues that his sentence was procedurally unreasonable because the district court required him to overcome a presumption that a sentence within the Guidelines was appropriate.  He points to the court's assertion that "[t]o overcome the presumption of reasonableness, the defendant must demonstrate his sentence is unreasonable when measured against the factors set forth in section 3553(a)."

But in this case, the record shows that the district court properly sentenced Emerson based on the Guidelines and on the § 3553(a) factors.  In rejecting Emerson's request for a downward deviation, the court explained that none of the factors that Emerson raised—his drug addiction, his older age, his familial obligations, and an inappropriate disparity between the advisory guidelines range and state court sentences for the same offense—were recognized grounds for sentencing below the Guidelines.  The court also took into account Emerson's lengthy criminal record, his career-offender status, and the seriousness of this offense in determining that a sentence within the guidelines range was appropriate.  Emerson does not dispute the district court's application of the Guidelines and does not argue that the court failed to consider a relevant factor under 18 U.S.C. § 3553(a), nor could he based on this record.

Emerson further contends that this court has "split" on whether a presumption of reasonableness applies to a within-Guidelines sentence.  He suggests that *Mykytuik's* presumption of reasonableness is at odds with decisions such as *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006), which contains language that, he believes, forecloses judges from applying any presumption.  He points, for instance, to our admonition in *Demaree* that "[t]he judge is not required—or indeed, permitted . . . to 'presume' that a sentence within the guidelines range is the correct sentence . . . ." *Id.*

Emerson misinterprets the quoted language from *Demaree*.  In *Demaree* we did not distance ourselves from the presumption. *See* 459 F.3d at 794-95.  Instead, we emphasized that district judges must consult the Guidelines, along with the statutory range and § 3553(a) factors before imposing a sentence, and should not assume that a particular sentence is appropriate just because it falls within the guidelines range. *See id.*  So long as the trial judges based their sentences on the Guidelines and § 3553(a) factors, those sentences would be subject to "light appellate review." *Id.*

Emerson also argues that his sentence is unreasonable because crack cocaine is punished more severely than powder cocaine. Because he failed to challenge the crack-powder cocaine disparity before the district court, we review for plain error. *See United States v. Jones*, 455 F.3d 800, 810 (7th Cir. 2006). Emerson acknowledges that we have previously rejected this argument, citing *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006) and *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005), but invites us to postpone our decision pending the outcome of *Claiborne v. United States,* 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5618)—which he believes is relevant because, since *Claiborne* is a crack case, "the Supreme Court's opinion may address the crack/powder disparity."

*Claiborne*, however, is not applicable to Emerson's case. In *Claiborne*, the Eighth Circuit deemed the defendant's 15-month sentence for possessing and distributing cocaine base to be an unreasonable downward variance from an advisory guidelines range of 37 to 46 months. *See* 439 F.3d at 480-81. The questions presented in the Supreme Court's grant of certiorari are: (1) was the district court's choice of below-Guidelines sentence reasonable, and (2) in making that determination, is it consistent with *United States v. Booker*, 543 U.S. 220 (2005), to require that a sentence which constitutes a substantial variance from the Guidelines be justified by extraordinary circumstances? *Claiborne v. United States,* 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5618). As the law presently stands, arguments about the disparity in treatment between crack and powder cocaine are without merit. *See, e.g.*, *United States v. Acosta*, 474 F.3d 999, 1000 (7th Cir. 2007); *United States v. Romero*, 469 F.3d 1139, 1153 (7th Cir. 2006).

We AFFIRM the judgment of the district court.