**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro L. CASTILLO, Defendant–**
**Appellant.**

No. 02–3584.

United States Court of Appeals,
Seventh Circuit.

Submitted March 31, 2008.

Decided Oct. 7, 2008.

Lisa M. Noller, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Hope Lefeber, Philadelphia, PA, for Defendant–Appellant.

Before RICHARD A. POSNER, Circuit Judge, KENNETH F. RIPPLE, Circuit Judge, DANIEL A. MANION, Circuit Judge.

## ORDER

The Supreme Court granted Pedro Castillo's petition for a writ of certiorari, vacated the judgment and remanded this case to us for reconsideration in light of *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *See Castillo v. United States*, —— U.S. ——, 128 S.Ct. 1061, 169 L.Ed.2d 802 (2008).

Mr. Castillo was convicted on several counts of conspiring to possess with intent to distribute, possessing with intent to distribute and distributing crack cocaine. He also was convicted of possessing a short-barreled shotgun in furtherance of a drug trafficking offense. Mr. Castillo was sentenced to 210 months' imprisonment on each of the drug possession and distribution charges, to run concurrently with one another. He was sentenced to a mandatory, consecutive 120 month sentence on the firearms charge. *See* 18 U.S.C. § 924(c)(1)(B)(i).

On appeal, we affirmed Mr. Castillo's conviction, but ordered a limited remand to the district court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In his papers to the district court following remand, Mr. Castillo raised, for the first time, the disparity in sentencing for crack cocaine as a reason for lowering his sentence. After considering the parties' submissions, the district court issued a statement informing us that "it would not have imposed a lighter sentence on defendants Castillo and Rodriguez had this court understood the Sentencing Guidelines to be advisory." R.170 at 1. With respect to Mr. Castillo's argument concerning the disparity in sentencing for crack cocaine offenses, the court stated: "Additionally, this court does not wish to engage in a consideration of the question of the punishment of crack verses powder cocaine but instead believes that it should follow the Sentencing Guidelines as established by the Sentencing Guideline Commission. *See United States v. Gipson*, 425 F.3d 335, 337 (7th Cir.2005) (holding that a district court is not required to impose a sentence outside of the Guideline range based on the crack verses powder cocaine differential)." *Id.* at 2.

Mr. Castillo again appealed. He claimed that the district court's sentence was not reasonable and did not adequately account for the disparity between powder and crack cocaine. We disagreed and stated:

> We believe that this passage, fairly read in its entirety, makes clear that the district court understood that it had the authority to impose a sentence that departed from the formulation found in the Guidelines but chose not to do so. The district court's reliance on our decision in *United States v. Gipson*, 425 F.3d 335 (7th Cir.2005), in which we held that a sentencing court need not depart from the Guideline's formulation, makes clear that the district court can depart if the circumstances of a particular case so require. Indeed, by accepting the Guidelines' formulation as the starting point of the inquiry, the district court simply anticipated our recent decision in *United States v. Miller*, 450 F.3d 270 (7th Cir.2006).

*United States v. Castillo,* 202 Fed.Appx. 132 (7th Cir.2006). Mr. Castillo petitioned for certiorari, and the Supreme Court remanded the matter to this court in light of *Kimbrough.*

We requested statements of the parties pursuant to Circuit Rule 54. Mr. Castillo submits that remand to the district court is necessary so that the district court can inform the court whether it would have imposed a lesser sentence had it known that the ratio of crack to powder cocaine was advisory. The Government claims that remand is not necessary because the court adequately considered the sentencing factors set forth in 18 U.S.C. § 3553(a).

Although *Kimbrough* does not affect Mr. Castillo's mandatory sentence under 18 U.S.C. § 924, it could affect Mr. Castillo's sentences for possession, distribution and conspiracy. On first glance, therefore, the appropriate course would be to order a limited remand to the district court so that it could advise us if it would have imposed a different sentence had it understood the 100:1 ratio to be advisory.

However, as we have acknowledged in other cases, application of *Kimbrough* here is complicated by the Sentencing Commission's action in making retroactive the recent amendments to the guidelines governing sentences for crack-related crimes. *See United States v. Taylor,* 520 F.3d 746, 748 (7th Cir.2008). Therefore, consistent with the approach we have taken in other cases, we remand the matter to the district court. However,

> [t]he district judge should hold off on telling us whether [ ]he is minded to resentence the defendant under *Kimbrough* until [ ]he decides whether to act favorably on the defendant's motion (if he makes one, or on the judge's own initiative, if the defendant does not) for relief under the Commission's new crack regime. If [ ]he decides to impose the same sentence under the new guideline, or if though [ ]he lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence, or if he does not make a proper motion for relief under the new guideline and [ ]he is not minded to grant such relief on [his] own initiative, [ ]he will then have to advise us whether [ ]he would be inclined to reduce his sentence under the dispensation granted sentencing judges by Kimbrough. To avoid delay, the judge should impose a deadline on the filing of a motion to resentence; we suggest 21 days after the date of this decision.

*Taylor,* 520 F.3d at 749.

IT IS SO ORDERED.