In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1965

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSÉ FRANCISCO GAMA-GONZALEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05-CR-168—**John C. Shabaz**, *Judge*.

ARGUED NOVEMBER 14, 2006—DECIDED DECEMBER 5, 2006

Before EASTERBROOK, *Chief Judge*, and POSNER and COFFEY, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. José Gama-Gonzalez is a three-time loser. In 1975 he was convicted of conspiracy to smuggle marijuana into this country, in violation of 21 U.S.C. §952(a), and was deported to his native Mexico. In 1995 immigration officials allowed Gama-Gonzalez to return as a permanent resident. He repaid that favor by returning to crime. In 1996 he was convicted of possessing marijuana and was removed to Mexico in 1998 after his release from prison. He came back almost immediately, without any pretense of legal authority, and took up illegal employment. (It was employment records that showed

his swift return.) In 2005 his presence in the United States came to the attention of federal officials, and a criminal prosecution for illegal reentry followed. See 8 U.S.C. §1326. Gama-Gonzalez pleaded guilty and was sentenced to 37 months' imprisonment.

Gama-Gonzalez contends that his sentence is unreasonably high even though it is at the low end of a range properly determined under the Sentencing Guidelines. The argument is unavailing, for a sentence within the Guidelines' range is presumptively reasonable. See, e.g., *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006). To say that a sentence within the range presumptively is reasonable is *not* to say that district judges ought to impose sentences within the range. See *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). It is only to say that, *if* the district judge does use the Guidelines, then the sentence is unlikely to be problematic.

*United States v. Booker*, 543 U.S. 220 (2005), increases district judges' discretion. It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down. One permissible use of discretion is to start with the Guidelines' framework, which is designed to curtail unjustified disparity in sentences— for avoiding unjustified disparity is one of the statutory objectives. See 18 U.S.C. §3553(a)(6); *United States v. Boscarino*, 437 F.3d 634, 637-38 (7th Cir. 2006) (observing that unjustified disparity is minimized by following the Guidelines). Likewise the Guidelines recognize other statutory criteria, such as choosing punishment that achieves an appropriate level of deterrence and desert. 18 U.S.C. §3553(a)(2). When saying that sentences within the Guidelines are presumptively reasonable, we mean no more than the modest proposition that district judges generally possess the discretion under §3553(a) and *Booker*

to follow the Guidelines, if they so choose, without acting *un*-reasonably. It is accordingly unnecessary to hold this appeal, and others like it, for the Supreme Court's decision in *Rita v. United States*, cert. granted, No. 06-5754 (U.S. Nov. 3, 2006).

A presumptively reasonable sentence is not a conclusively reasonable one, for the Guidelines may omit some factor to which §3553(a) or a sound exercise of discretion gives weight. Gama-Gonzalez maintains that his sentence, in particular, is unreasonable because the Guidelines gave too much effect to his 1975 conviction. It can't have been a serious drug crime, Gama-Gonzalez insists, if immigration officials were willing to forgive it in 1995 and allow him permanent-residence status. This theme— that lenience in the past requires more lenience today—has things backward. See *United States v. Gonzalez*, 462 F.3d 754 (7th Cir. 2006). When mercy does not succeed in achieving specific deterrence, and the beneficiary continues a life of crime, we learn that additional severity is essential. Gama-Gonzalez committed a new crime at the earliest opportunity following his readmission to the United States; and when he was removed a second time, and told that reentry was illegal, he reentered anyway almost before the ink was dry on the warning and took up illegal employment. He is a career criminal. No district judge is obliged (or well-advised) to believe Gama-Gonzalez's assertion that he has finally learned his lesson, will return to Mexico and stay there, and will at last go straight.

So straightforward is this that the district judge did not need to discuss the subject. A judge must deal with *serious* arguments for lower sentences, see *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), but Gama-Gonzalez's argument was insubstantial. Many states, using three-strikes laws, would imprison him for 25 years or more even though none of his felonies was violent. See *Lockyer v. Andrade*, 538 U.S. 63 (2003). His federal sentence of three

years and one month for a third felony conviction is compar-
atively modest.

AFFIRMED

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*