**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

December 22, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1606

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

RICHARD J. DRAKULICH,
  *Defendant-Appellant.*

Appeal from the United States District
Court for the Southern District of Illinois.

No.  02 CR 30061

David R. Herndon,
*Judge.*

**O R D E R**

Richard Drakulich appealed his sentence of 151 months' imprisonment and his nearly $1.3 million restitution order for seven counts of mail fraud, four counts of transporting funds obtained by fraud in interstate commerce, and one count of securities fraud, contending that the district court plainly erred under *United States v. Booker*, 543 U.S. 220 (2005).  We ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime.  *See United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).  The district court replied that it would.  The parties were offered the opportunity to respond before we finally resolved the appeal, and only the appellant has responded.

In *Paladino* we held that, if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable." 401 F.3d at 484.  Drakulich argues that his sentence is unreasonable because, he says, it is "seven times longer than the national average for fraud."  But we will uphold a sentence

as reasonable so long as the district court considered the guidelines and imposed a sentence that is both within the statutory maximum and consistent with the sentencing factors specified in 18 U.S.C. § 3553(a). *See United States v. DeMaree*, 459 F.3d 791 (7th Cir. 2006).

After carefully considering each of the § 3553(a) factors, the district court concluded that 151 months is an appropriate sentence given the scale of Drakulich's crime and the need to deter him and others from committing similar crimes in the future. The court also considered the applicable imprisonment range under the 1995 guidelines—78 to 97 months—which were in effect at the time Drakulich committed his crimes, and under the 2002 guidelines—121 to 151 months—which were in place at the time of sentencing. Recognizing that the 2002 guidelines reflected the Sentencing Commission's belief that the offense level should be increased based on the number of victims, but concerned that imposing a sentence based on the 2002 guidelines calculation would pose an ex post facto problem, the district court "upwardly departed" from the 1995 guidelines sentence to comport with the 2002 guidelines to reach its sentence. But we have since held that the Ex Post Facto Clause does not apply to the guidelines, *DeMaree*, 459 F.3d at 795, and thus from the start a sentence of 151 months was within the properly calculated guidelines range. Therefore, Drakulich's sentence is reasonable because it falls within the appropriate guidelines range and the district court gave detailed and meaningful consideration to the relevant factors under § 3553(a), which is all it was required to do. *See United States v. Gama-Gonzalez,* No. 06-1965, 2006 WL 3490843, *1 (7th Cir. Dec. 5, 2006); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Accordingly, we AFFIRM the judgment of the district court.