**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 18, 2005
Decided January 22, 2007

Before

Hon. FRANK H. EASTERBROOK, Chief Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Appellee,<br><br>No. 03-2549     v.<br><br>ANDREW S. WHITE,<br>    Defendant-Appellant. | ] Appeal from the United<br>] States District Court<br>] for the Southern District<br>] of Indiana, Indianapolis<br>] Division.<br>]<br>] No. 02 CR 165<br>]<br>] John Daniel Tinder,<br>]     Judge. |

Andrew White was found guilty of possession of firearms as a convicted felon, and the district court sentenced him to 115 months' imprisonment. After this court upheld White's conviction and sentence, *United States v. White*, 368 F.3d 911 (7th Cir. 2004), the Supreme Court granted certiorari and remanded his case to us for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). We ordered a limited remand pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district court an opportunity to consider whether it would have imposed the same sentence with the knowledge that the guidelines are not mandatory.

The district court has now replied that it would today impose the same sentence, knowing of the guidelines' advisory status. The parties were offered the opportunity to respond before we finally resolved the appeal, and only the appellant

has responded.  Counsel for White acknowledges that the district court accorded White a full opportunity to present reasons why a lower sentence was appropriate and that the district court provided very extensive explanations and analysis in order to permit meaningful appellate review.  The appellant argues, however, that the district court simply erred in determining that such a lengthy sentence was necessary.  Instead, he contends that the concept of marginal deterrence leads to a conclusion that the sentence was unreasonably excessive.  If the statutory maximum of 120 months for violations of 18 U.S.C. § 922(g) is to be reserved for the worst offense and offenders, White argues that his sentence of only five months less than the maximum is excessive on the grounds that the weapons themselves were not stolen or otherwise illegal, the number of weapons was small, the weapons were not used in connection with another crime, and no violence was threatened or accomplished with the weapons.  In order to allow room for more egregious violations, White believes his sentence should have been placed lower on the scale.

White's sentence is within the properly calculated guideline range and therefore presumptively reasonable.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The district court thoroughly considered the factors listed in 18 U.S.C. § 3553(a) and all of the arguments raised by White in pro se submissions and by his counsel.  *United States v. Gama-Gonzales*, 469 F.3d 1109, 1110-11 (7th Cir. 2006).  Judge Tinder reasonably concluded that such a sentence was necessary in light of White's extensive criminal history, which demonstrated increasing disregard for the law and the safety of others, the fact that the firearms were in the house while children were present, and White's continued disregard of the law including that the offense was committed while he was on probation, there was marijuana in the house, and he was in possession of identity information stolen from his former employer.  Because the district court would have imposed the same sentence post-*Booker*, and because that sentence is reasonable, we conclude that White's sentence was not the result of plain error.  Accordingly, we AFFIRM the judgment of the district court.