NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2007
Decided March 1, 2007

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2577

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04-CR-371 |
| LAURA BAXTER, <br> *Defendant-Appellant.* | James F. Holderman, *Chief Judge.* |

### O R D E R

Laura Baxter pleaded guilty to obstructing and impeding the administration of the federal tax laws, *see* 26 U.S.C. § 7212(a), and was sentenced at the low end of the guidelines range to 24 months' imprisonment. At sentencing, among many other things the district judge commented that "[t]here are certain factors, of course, that the sentencing guidelines require me not to consider." Seizing upon this statement, Baxter argues that her sentence is unreasonable because the district court erroneously thought that the guidelines constrained his discretion to consider the factors set forth in 18 U.S.C. § 3553(a). Taken out of context, we too would be concerned about the district court's statement. Reviewing the sentencing proceeding as a whole, however, it is evident that the district court fully understood its discretion to select a reasonable sentence and that it did not impose any limits at all on the evidence Baxter presented. If the court committed any error in its phrasing of the test, we are satisfied that the

error was harmless and did not reflect the reality of its actions. We therefore affirm the sentence.

## I

In October 1997 Baxter, a certified public accountant, knowingly submitted false figures to an Internal Revenue Service auditor to foil an audit against one of her clients, a married couple. Her ploy worked: the audit was closed and the IRS found (at that time) that the couple owed no additional taxes. Several years later, however, during its investigation of a complex tax sheltering scheme known as the Aegis system, the government discovered what Baxter had done. The married couple had used the Aegis System to underreport their income in a big way: Baxter's falsified submission to the auditor enabled them to avoid paying $576,000 in taxes. Baxter ultimately pleaded guilty in a written agreement to obstructing and impeding the administration of the federal tax laws, see 26 U.S.C. § 7212(a). For the purpose of computing relevant conduct, the probation officer considered the tax loss attributable to Baxter to be $576,000. Based on that, the probation officer calculated an offense level of 17, which when combined with Baxter's criminal history category of I, yielded a guidelines range of 24 to 30 months' imprisonment.

The district court conducted two sentencing hearings. At the first, held in September 2005, the government raised several objections to the PSR (none relevant to this appeal) and four witnesses testified on Baxter's behalf to her good character and charitable nature. One of Baxter's business associates, for instance, testified that Baxter filed tax returns at a discount for senior citizens and free of charge for military personnel.

After ruling that it was adopting the probation officer's recommendation, the court conducted the second hearing in May 2006. At this hearing, Baxter argued that in light of the factors set forth in § 3553(a), a non-custodial sentence would be reasonable. Baxter, her lawyers argued, was a hardworking and compassionate woman. They referred to several letters that Baxter's friends and family had submitted that explained how Baxter had built an accounting practice from the ground up; nursed a family friend through a battle with cancer; completed tax returns for senior citizens and military personnel free of charge; and volunteered with the Chamber of Commerce for the last ten years. Although they conceded the fact that her offense was a serious one, her attorneys asked the court to take into account the fact that her false submission to the IRS was an aberration and that she had completed thousands of tax returns without incident. Addressing the question of just punishment, they implored the judge to consider what Baxter had lost since being indicted: her accounting practice, her self-respect, and the respect of her community. Accordingly, they argued, there was little need for a long sentence for the purpose of deterring either Baxter herself or others in her position, nor was it necessary to protect the public from Baxter's future actions.

At the conclusion of the hearing, the district court addressed the factors in § 3553(a). Expressly referring to § 3553(a)(1), the judge found that "the history and characteristics of Ms. Baxter, of course, dictate toward a lighter sentence," but it reasoned that the serious nature of the offense, especially considering the significant amount of the tax loss, largely offset Baxter's redeeming qualities. Citing § 3553(c)(2), the court then explained that while it believed Baxter "will never again engage in criminal conduct," it also believed that the reference to "adequate deterrence to criminal conduct [in § 3553(c)(2)] is not specific deterrence of the defendant . . . [b]ut it is to provide general deterrence." At this point, the judge uttered the statement that is the focus of this appeal:

> There are certain factors, of course, that the sentencing guidelines require me not to consider. In evaluating a sentence, I must look objectively at the factors, but consider each defendant who comes before me.

The court ultimately concluded that a non-custodial sentence would "deprecate the seriousness of the offense" and sentenced Baxter to 24 months' imprisonment, the low-end of the guidelines range.

## II

Based on the judge's statement that the "sentencing guidelines require [him] not to consider" certain factors, Baxter argues that her sentence is unreasonable. To reach this conclusion, Baxter assumes that the judge refused to consider her character evidence, such as her preparation of tax returns free of charge for senior citizens and military personnel and her volunteer work with the Chamber of Commerce. The guidelines indeed discourage courts from considering these factors. See U.S.S.G. § 5H1.11 (discouraging courts from factoring "military, civic, charitable, or public service; employment-related contributions; and similar prior good works" in deciding whether to depart). Based on this assumption, Baxter concludes that her sentencing was unreasonable because the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005), required the district court to consider whether her civic and charitable works might have warranted a sentence below the guidelines range. See 18 U.S.C. § 3553(a)(1).

The government argues that we should review Baxter's arguments about her sentencing only for plain error, because Baxter did not object when the district court made the statement at issue. That is incorrect. We have explained that "our decisions after *Booker* . . . assume the absence of any need to object to a sentence as unreasonable . . ." *United States v. Castro-Juarez,* 425 F.3d 430, 433 (7th Cir. 2005) (rejecting government's urging that defendant's sentence be reviewed for plain error); see also *United States v. Cunningham,* 429 F.3d 673, 679-80 (7th Cir. 2005) ("a lawyer in federal court is not required to except to rulings by the trial judge").

Turning to the merits of Baxter's arguments, a few propositions are well established. First, this court accords a rebuttable presumption of reasonableness to a sentence like Baxter's that is within the guidelines range. See *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006). Since the Supreme Court granted *certiorari* in *Rita v. United States,* 127 S.Ct. 551 (2006), in order to consider whether any such presumption is consistent with *Booker*, we have also been reviewing the reasonableness of sentences independently. We have followed that practice here as well. Second, we have no quarrel with the general proposition that *Booker* eliminated any notion of factors that may not be considered in sentencing solely because the guidelines so define them. (Naturally, as the government points out, the Constitution still constrains sentencing, and thus a court could not discriminate on the basis of race or sex in its sentencing decisions. See, *e.g., United States v. Wallace,* 458 F.3d 606, 608 (7th Cir. 2006) (sex).) Courts may, however, take into account the fact that the Sentencing Commission thought that certain factors ought to be disfavored, as long as they ultimately consider whether the guidelines sentence conforms to the factors in 18 U.S.C. § 3553(a):

> [T]he defendant must be given the opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence for it is possible for such a sentence to be reasonable and thus within the sentencing judge's discretion under the new regime . . . .

*United States v. Dean,* 414 F.3d 725, 730-31 (7th Cir. 2005). Accord *Cunningham,* 429 F.3d at 676. We have recognized repeatedly that it might be appropriate for a sentencing judge to consider a defendant's charitable works even though § 5H1.11 says that such works are "not ordinarily relevant" to a guidelines calculation. U.S.S.G. § 5H1.11; see *Wallace,* 458 F.3d at 608; *United States v. Long,* 425 F.3d 482, 488 (7th Cir. 2005). Indeed, unlike some other courts, see*, e.g., United States v. Duhon,* 440 F.3d 711, 717 & n.4 (5th Cir. 2006), we have said that district judges in this circuit are not even required to explain why they have chosen to disregard a guidelines provision like § 5H1.11, see *United States v. Repking,* 467 F.3d 1091, 1095 (7th Cir. 2006) (per curiam).

Baxter admits that she merely assumes that in exercising its discretion under § 3553(a), the district court ignored the now-permissible factors of her civic and charitable work. The record conclusively refutes that argument. On the one hand, the court never mentioned § 5H1.11 or indicated that anything Baxter had mentioned was off limits. On the other hand, the sentencing transcripts affirmatively indicate that the district court understood that it had discretion to consider Baxter's civic and charitable works. The court allowed Baxter to submit a substantial amount of evidence that pertained to such activities, including the testimony of the four witnesses who testified to her charitable nature; numerous letters that chronicled her charity work and her volunteer position with the Chamber of Commerce; and the oral presentations of both of her attorneys who described her charity work in detail. More than that, the court

made it clear that it had reviewed these materials. And when it finally pronounced its sentence, the court specifically referred to Baxter's "history and characteristics"—the factor in § 3553(a) that her civic and charity work bore upon—stating that "the history and characteristics of Ms. Baxter, of course, dictate towards a lighter sentence . . . ."

Baxter's sentence is not unreasonable just because the district court was not persuaded to dip below the guidelines range. As this court has explained, "[a] sentencing judge surely may elect to treat a defendant's contributions to his community as . . . grounds for a less severe sentence, but such contributions do little to establish that a sentence within the Guidelines range is unreasonable." *United States v. Della Rose,* 435 F.3d 735, 738 (7th Cir. 2006).

Baxter makes one final argument that we readily dismiss. Acknowledging that she agreed to the tax loss amount in her plea agreement and that she did not object to the amount in the district court, she argues that the court nonetheless committed plain error, see *United States v. Groves*, 470 F.3d 311, 330 (7th Cir. 2006), by attributing to her a $576,000 loss. She contends that the loss was actually only $515,000, which she argues would have lowered her offense level from 17 to 16, and yielded a guidelines range of 21 to 27 months as opposed to 24 to 30 months. Baxter's position is based entirely on "post-sentencing research," which she appends to her brief. But "[a]n appellant may not attempt to build a new record on appeal to support [her] position with evidence that was never admitted in the court below." *Brokaw v. Weaver,* 305 F.3d 660, 668 (7th Cir. 2002) (quoting *United States v. Phillips*, 914 F.2d 835, 840 (7th Cir.1990)); see also Fed. R. App. P. 10(a). We therefore do not consider this argument, nor do we address the government's argument that the district court erred in any event by using the 1995 version of the guidelines rather than the 2005 version, and that under the 2005 version Baxter's sentence would be higher even using her revised figures.

The judgment of the district court is AFFIRMED.