NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2007
Decided March 2, 2007

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2393

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> PAMELA MARSHALL, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 05-CR-969-1 <br><br> Suzanne B. Conlon, <br> *Judge*. |

### O R D E R

Pamela Marshall was convicted and sentenced to 12 months' imprisonment after a jury found her guilty of delaying the mail. On appeal she challenges only the reasonableness of her sentence, arguing that the district court based her sentence solely on the recommended guidelines range, without taking into account her troubled childhood and responsibilities as the sole care giver to her ailing husband. We conclude, however, that the district court properly considered all appropriate factors identified by 18 U.S.C. § 3553(a). Because the court selected a reasonable sentence in light of those factors, we affirm.

### I

Marshall's offense involved abuse of her position as a letter carrier for the

United States Postal Service. After postal inspectors caught her with undelivered greeting cards in her mail satchel and purse, she was arrested and subsequently indicted on one count of delaying the mail, in violation of 18 U.S.C. § 1703(b). Following her arrest, Marshall admitted to taking approximately 40 greeting cards over a one-month period of time, but she insisted at that point that she had never opened any of them. At trial, however, Marshall changed her story to an outright denial that she had taken the cards; she claimed instead that other postal employees had planted the cards in her satchel and purse. She had "confessed," she said, only because the postal inspectors had threatened her. The jury was unpersuaded and found her guilty.

The presentence investigation report (PSR) prepared by Marshall's probation officer recommended a guidelines imprisonment range of 10 to 16 months. The probation officer calculated a total offense level of 12, which reflected a base offense level of six with adjustments for the number of victims, abuse of a position of public trust, and Marshall's perjured trial testimony, and a criminal-history category of I. The probation officer also reported that Marshall refused to disclose her financial information, despite several requests to do so. On the mitigating side, the PSR noted that Marshall may have been sexually abused as a child and that her husband is blind in one eye and completely deaf.

Marshall did not object to the guidelines calculation. Instead, turning directly to § 3553(a), she argued that a term of two years' probation would be sufficient to reflect the seriousness of her offense and provide just punishment. In her sentencing memorandum, Marshall explained that her husband suffers from pneumococcal meningitis and recently had suffered a stroke. As a result, he is paralyzed on his right side, is deaf, and is blind in one eye. He is unable to drive, has difficulty walking, and needs help with all daily activities. She is his primary caregiver. Marshall also explained that she had a "difficult and dysfunctional" childhood because her father had extramarital affairs, abused drugs, and was physically and mentally abusive to all family members.

The district court listened to Marshall's arguments, but it was unpersuaded that her circumstances warranted a sentence that did not include some time in prison. Instead, it chose a sentence of 12 months, in the middle of the guidelines range. In reaching this decision, the court explained:

> I am concerned about Ms. Marshall being a supervision problem on either probation or supervised release because of her demonstrated lack of cooperation to the probation office in a situation where it was in her own best interest to cooperate with probation . . . . [T]he failure to return financial forms and not affirmatively cooperating with probation is inexcusable and indicates a potential for a supervision problem.

The court also noted that given the aggravating circumstances of Marshall's case it

would ordinarily have imposed a sentence at the top of the guidelines range, but because of her husband's condition, it had decided to reduce the term of imprisonment from 16 to 12 months.

## II

Marshall argues that it was not reasonable for the district court to sentence her within the guidelines range, which she concedes was calculated properly. She contends that the court failed entirely to consider a sentence below the range and looked to the factors set forth in 18 U.S.C. § 3553(a) only for assistance in deciding on a point within the range. Moreover, she adds, the court's purported refusal to consider a lower sentence detrimentally affected her husband, who relies on her for his day-to-day care, and ignored the "exceptional" circumstances presented by her troubled childhood and current family responsibilities.

This court reviews a defendant's sentence for reasonableness. *United States v. Roche-Martinez*, 467 F.3d 591, 595 (7th Cir. 2006). A sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *Cf. Rita v. United States*, 127 S. Ct. 551 (2006) (granting writ of certiorari to decide whether affording presumption of reasonableness to sentences within guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005)).

Marshall's guidelines sentence is presumptively reasonable under this court's precedent, but even without the presumption, nothing in this record would support a finding that the sentence is unreasonable. Looking at the sentencing transcript as a whole, we are satisfied that the district court did not limit its use of the § 3553(a) factors inappropriately. Before giving greater attention to the guidelines range, the court specifically found that "the Advisory Sentencing Guidelines of 10 to 16 months is not only reasonable, under the aggravated circumstances of the case, it's a bit on the low side." After a brief explanation of that conclusion the court turned to the question of where to fix the sentence within the advisory guideline range. It was at that point that the court referred to the factors outlined by Congress in § 3553(a).

More generally, the court explained that it had considered and rejected a term of probation or supervised release because, based upon Marshall's conduct during the presentence investigation period, the court believed that Marshall posed a poor supervision risk. See 18 U.S.C. § 3553(a)(1), (3). The court also found that "[t]here are some seriously aggravating factors in this case" and pointed to Marshall's arrogance and dishonesty throughout the proceedings, her willingness to perjure herself at trial, her lack of remorse, and her attempts to blame others for her conduct. See 18 U.S.C. § 3553(a)(1). The court further substantiated the sentence by noting the need to promote respect for the law by other postal employees as well as to deter similar,

future conduct by Marshall. See 18 U.S.C. § 3553(a)(2). Taken as a whole, this record shows that the court was well aware that it could choose any reasonable sentence for Marshall, and that it concluded that a sentence within the guidelines range was reasonable in her case. Because the court was well within its discretion to make this choice, see *Gama-Gonzalez*, 469 F.3d at 1110, there was no legal error in Marshall's sentencing. Our own review of her case leaves us confident that the district court chose a reasonable sentence. We therefore AFFIRM.