NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2007
Decided June 21, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Nos. 06-2758 and 06-2896

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 05 CR 621 |
| MICHAEL GONZALEZ, *Defendant-Appellant.* | Joan B. Gottschall, *Judge.* |

**O R D E R**

Michael Gonzalez appeals his concurrent sentences of 163 months' imprisonment for selling cocaine and 120 months' imprisonment for being in possession of a firearm after being convicted of a felony. He argues that the district court failed to consider the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and improperly based its sentencing decision only on the guidelines' recommended range. Because we are convinced that the district court properly considered the relevant sentencing factors before she imposed a reasonable sentence, we affirm.

Gonzalez sold cocaine and a gun to a government informant while in the presence of an undercover ATF officer. He pleaded guilty to selling cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing a gun while in the status of a felon, *see* 18 U.S.C.

§ 922(g)(1). At sentencing, the government and defense counsel sparred at length over the government's recommendation that Gonzalez receive an enhancement for his being in possession of additional guns while committing the crimes, *see* U.S.S.G. § 2K2.1(b)(1)(A), and for the use of a gun in connection with another felony offense, *see* U.S.S.G. § 2K2.1(b)(6). In support of the enhancements, the government relied entirely on Gonzalez's statements to the confidential informant and the undercover officer that he had other firearms for sale and used guns to facilitate his drug dealing. The district judge said that Gonzalez's statements sounded like "puffery," and concluded that the government had not proven by a preponderance of the evidence that Gonzalez possessed additional guns, nor that he had used a gun while committing the offenses of conviction, and accordingly did not apply the proposed enhancements. Nevertheless, because Gonzalez's felony cocaine conviction involved a controlled substance and he had a previous conviction for armed robbery as well as a conviction for the aggravated discharge of a firearm, the district judge determined that he was a career offender, *see* U.S.S.G. § 4B1.1(a), a status that yielded an offense level of 32, *see* U.S.S.G. § 4B1.1(b)(C). The government recommended that Gonzalez receive a three-point reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and the district court agreed, adjusting Gonzalez's offense level to 29. Gonzalez's career offender status earned him an automatic criminal history score of VI, *see* U.S.S.G. § 4B1.1(b), and thus a guidelines range of 151 to 188 months' imprisonment, *see* U.S.S.G. Ch. 5 Pt. A.

The government argued for a sentence at the high end of that range, listing each of Gonzalez's previous criminal convictions, including armed robbery at the age of 18, unlawful use of a weapon at the age of 22, aggravated discharge of a firearm at the age of 25, and unlawful use of a weapon at the age of 33. Defense counsel responded that Gonzalez's convictions for crimes of violence occurred many years ago, that his more recent convictions were non-violent, and that the now 37-year-old committed the crimes of conviction only because he could not find employment and needed money to raise his daughter. Defense counsel also pointed out that, prior to his last conviction, Gonzalez had maintained five years of employment and had paid his taxes.

The district judge began her sentencing analysis by noting that, because of Gonzalez's criminal history, she would not impose a sentence at the low end. But because she was impressed by Gonzalez's five years of employment, the judge imposed a sentence of 163 months' imprisonment for the drug count, "a third up from the low end" of the range, as well as three years' supervised release and a $200 special assessment. The judge then imposed the statutory maximum of 120 months' imprisonment on the felon in possession of a gun count, as well as three years' supervised release, to run concurrently with the drug sentence.

On appeal, Gonzalez argues that our presumption of reasonableness for sentences within the recommended guidelines range unlawfully constrained the district court's discretion. He says our presumption led the district judge to consider only a sentence within that range, resulting in an "inherently unreasonable" sentence.

While the Supreme Court is expected to decide in the near future whether the presumption of reasonableness is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see Rita v. United States*, 177 F. App'x. 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (U.S. 2006), we have repeatedly upheld it. *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Wurzinger*, 467 F.3d 649, 651 (7th Cir. 2006); *United States v. Hankton*, 463 F.3d 626, 630 n.5 (7th Cir. 2006). The presumption expresses "the modest proposition that district judges generally possess the discretion under § 3553(a) and *Booker* to follow the Guidelines, if they so choose, without acting *un*-reasonably." *Gama-Gonzalez*, 469 F.3d at 1111. Of course, a trial judge may not presume that a sentence within the guidelines is correct. *See United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). But so long as the judge adequately explains the sentence being imposed in light of the § 3553(a) factors, and so long as the sentence can ultimately be deemed reasonable, we will not disturb it. *See United States v. Wallace*, 458 F.3d 606, 609 (7th Cir. 2006).

Here, a sentence within the guidelines range was reasonable, and we know of nothing to suggest that the district judge believed her discretion was constrained by our presumption of reasonableness on appellate review. Her opening statement that "the history in this case is such that I cannot in good conscience impose a low-end sentence, and the question is where in the range it ought to be," simply expressed her belief that a sentence imposed within the guidelines range would be appropriate given Gonzalez's extensive criminal history. It is precisely that judgment that we have repeatedly upheld as reasonable. *See Gama-Gonzalez*, 469 F.3d at 1110. And the sentence is reasonable without the benefit of our presumption; Gonzalez committed his crimes of conviction while on parole for a prior conviction for unlawful use of a gun, and prior to that he had been convicted of an armed robbery, as well as unlawful use of a gun by a felon, as well as the aggravated discharge of a firearm. Given a criminal history replete with gun offenses, his 163-month sentence for selling cocaine and possessing a gun as a felon was reasonable. *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006) (noting danger posed by felons possessing guns).

Gonzalez's related argument—that the district court did not adequately justify the sentence in light of the § 3553(a) factors—is also without merit. "A presumptively reasonable sentence is not a conclusively reasonable one, for the

Guidelines may omit some factor to which § 3553(a) or a sound exercise of discretion gives weight." *Gama-Gonzalez*, 469 F.3d at 1111. Section 3553(a) mandates that the district judge consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant. *See* § 3553(a)(1). But while the district court must address "*serious* arguments for lower sentences" based on these factors, it need not address frivolous ones. *Id.*; *cf. United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). In other words, we must satisfy ourselves only that the district court considered arguments that might warrant an exercise of discretion. *See United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007).

Although the judge never explicitly referred to § 3553(a) by name, it is clear that she considered the statutory sentencing factors. The court addressed the only serious argument advanced by defense counsel based on those factors—that Gonzalez had proven, through five years of employment, his potential for rehabilitation—and agreed, saying that his past employment "suggests something" and reducing his sentence accordingly. And contrary to Gonzalez's assertion that the district judge did not consider his criminal history, we disagree for it is most apparent that she did. Rather than seeing "a trend of decreasing severity," as defense counsel suggests, she clearly—and reasonably—noted a lengthy and troubling history. Finally, although Gonzalez made clear that the judge did not explicitly address his argument that he was trying to raise money for his daughter by selling cocaine and a gun, she did not have to. *See Gama-Gonzalez*, 469 F.3d at 1111. Drug dealers and gun peddlers often say that they committed their crimes in order to support their family, but this age-old excuse falls far short of being a mitigating factor. Gonzalez's crimes put his daughter's welfare at far greater risk than if he had gone straight.

AFFIRMED.