**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2007
Decided July 18, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 06-4194

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-095-S-01 |
| LARRY STEWARD, *Defendant-Appellant.* | John C. Shabaz *Judge.* |

**O R D E R**

Larry Steward pleaded guilty to one count of knowingly and intentionally distributing 50 grams or more of crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 288 months' imprisonment, followed by five years' supervised release. He challenges his sentence, primarily on grounds that the district court did not adequately consider the sentencing factors listed in 18 U.S.C. § 3553(a). Because the district court did account for those factors when sentencing, and because Steward's within-guidelines sentence was reasonable, we affirm.

Steward agreed to sell drugs to a buyer who turned out to be a confidential source working for federal drug enforcement agents and local Wisconsin police. After the deal was arranged, the agents put Steward under surveillance. Then they followed their confidential source to an area near Steward's house, where Steward sold him crack cocaine for $1500. About three months later, Steward turned

himself into federal custody, knowing that the FBI had issued a warrant for his arrest. He waived his *Miranda* rights and admitted that he distributed crack cocaine. Ultimately Steward entered into a written plea agreement and pleaded guilty to the charge against him.

Steward's presentence investigation report recommended a sentencing range of 235 to 293 months' imprisonment. The PSR's finding with respect to drug quantity included 59.41 grams of crack that Steward sold to the confidential source, as well as over 1.9 kilograms of crack attributed to Steward as relevant conduct, based on information provided by him and by the confidential source. Steward's extensive criminal history included convictions for possession of a controlled substance, battery, and obstruction of justice. The only objections to the PSR concerned typographical errors that did not affect any of the relevant calculations.

At his sentencing hearing, Steward argued for leniency because of his difficult family background and his cooperation with the government after arrest. Steward suggested that he should receive a sentence of only fifteen years, below the guidelines range. He told the court that he had only a 9th grade education and came from a "dysfunctional" family from which he received no parental support and was exposed to drugs and violence from an early age. Steward also argued that he had helped the government by turning himself into federal custody and revealing extensive information about past drug sales. Steward noted that two defendants in related cases had been sentenced for only 235 months' imprisonment and asserted that he should receive a similarly low sentence.

The court was unpersuaded by these arguments and insisted that Steward deserved a tough sentence. The court noted that Steward had been given "many second chances" and was likely to be a recidivist unless he received a significant penalty for his actions. The court acknowledged the possibility that Steward could later return for resentencing based on substantial assistance provided to the government, but warned "don't get your hopes up." The court then imposed a sentence of 288 months' imprisonment and recommended that Steward participate in substance abuse treatment programs and be placed in a residential reentry center with work release privileges during his final months of confinement.

On appeal Steward argues that the district court failed to consider all of the factors required by 18 U.S.C. § 3553(a) to impose a sentence that was sufficient, but not greater than necessary. Specifically, Steward contends that the district court did not take into account the "nature and circumstances of the offense," § 3553(a)(1), including his cooperation with the government. Nor, according to Steward, did the court fully consider his personal history and characteristics, § 3553(a)(1), including his troubled home life as a child. The court also failed to

impose a sentence that addressed his need for educational and vocational training, § 3553(a)(2)(D), according to Steward.

Steward's arguments fail because the district court did adequately account for the factors it must consider when sentencing. The court is not required to address every § 3553(a) factor in checklist fashion, explicitly articulating its conclusions regarding each one. *United States v. Brock*, 433 F.3d 931, 933-34 (7th Cir. 2006); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Instead the court may simply give an adequate statement of reasons, consistent with § 3553(a), for thinking the sentence it selects is appropriate. *United States v. Harris*, No. 05-4259, 2007 U.S. App. LEXIS 14012, at *18-19 (7th Cir. June 15, 2007). It is enough to calculate the guidelines range accurately and, if sentencing outside that range, explain why the defendant deserves the greater or lesser punishment. *Id.* at *19; *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

The district court addressed a number of the § 3553(a) factors during the sentencing hearing. The court considered the nature and circumstances of Steward's offense, § 3553(a)(1), when it observed that he was responsible for "distributing large quantities of crack," which the court described—perhaps only half-facetiously—as "the world's record" for quantity. The court considered Steward's argument for a fifteen-year sentence but concluded that such a "lowball sentence[]" would not be meaningful. The court also considered Steward's personal history and characteristics, § 3553(a)(1), when it acknowledged that Steward's children were "crying out" for him and that his family members would be the most harmed by his imprisonment, but observed that Steward "could go to jail for the rest of his life and it wouldn't bother him." The court added that Steward grew up in a rough environment, in a poor family lacking basic necessities and parental stability. But he became involved in gangs and "didn't even try" to live a normal life in spite of his background. The court stated that its sentence was necessary to protect the community and prevent Steward from becoming a negative "role model" to others, § 3553(a)(2). Moreover, the court's sentence does provide for substance abuse treatment and vocational training, § 3553(a)(2)(D).

Steward also contends that his sentence should not be entitled to a presumption of reasonableness even though it is within the properly calculated guidelines range. We have maintained that a sentence within the guidelines range is "unlikely to be problematic," *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *see also United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005), and the Supreme Court has recently approved of appellate courts affording a presumption of reasonableness to a sentence that reflects a proper application of the guidelines. *Rita v. United States,* No. 06-5754, 2007 U.S. LEXIS 8269, at *16 (U.S. June 21, 2007).

AFFIRMED.