NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2007
Decided November 30, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE. S. SYKES, *Circuit Judge*

Nos. 07-1809 & 07-1865

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>GERMAINE HEARD and JESSE<br>SANDERS,<br>    *Defendants-Appellants.* | Appeals from the United States<br>District Court for the Eastern District<br>of Wisconsin<br><br>No. 06 CR 40<br><br>J.P. Stadtmueller,<br>*Judge* |

**O R D E**R

Germaine Heard pleaded guilty to conspiracy to distribute marijuana, cocaine, and crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to the statutory minimum of 240 months' imprisonment. *See id.* § 841(b)(1)(A). Jesse Sanders pleaded guilty to the same conspiracy and to possessing a gun after a felony conviction. *See* 18 U.S.C. § 922(g)(1). He was sentenced at the low end of the guidelines range to a total of 168 months' imprisonment. We consolidated their appeals, and in both cases their appointed counsel have moved to withdraw because they are unable to find a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738 (1967). Counsel's supporting briefs are facially adequate, and neither Heard nor Sanders responded to our invitation under Circuit Rule 51(b) to explain why he believes his appeal has merit, so we review only the potential issues identified in the briefs. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

We begin with Heard. His lawyer first considers whether Heard might challenge the voluntariness of his guilty plea, but properly avoids exploring that potential issue because Heard has told him that he does not wish to have his plea vacated. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Heard's counsel also considers, but correctly rejects as frivolous, a challenge to the reasonableness of Heard's prison sentence. The district court had no discretion to sentence Heard below the statutory minimum, *see United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007), which the court computed correctly based on the amount of crack cocaine involved in the conspiracy (over 50 grams) and Heard's previous drug conviction. *See* 21 U.S.C. § 841(b)(1)(A). Heard did not challenge the validity of that previous conviction below, and counsel does not contend that grounds exist for such a challenge. *See* 21 U.S.C. § 851(a), (c)(2).

We turn next to Sanders. His lawyers first inform us that Sanders wants his guilty pleas set aside, so counsel consider whether Sanders might argue that there were inadequacies in the plea colloquy. We agree with counsel that this argument would be frivolous because the colloquy substantially complied with Federal Rule of Criminal Procedure 11. *See Schuh,* 289 F.3d at 975. Our review would be for plain error because Sanders did not seek to withdraw his guilty pleas in the district court. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Counsel note that the district court did not mention Sanders' right to an attorney, *see* Fed. R. Crim. P. 11(b)(1)(D), but Sanders could not have been prejudiced by the error because appointed counsel was with him during the colloquy. *See United States v. Lovett,* 844 F.2d 487, 491-92 (7th Cir. 1988). Counsel also note that the court omitted a warning that it could order him to forfeit the proceeds of his drug dealing. *See* Fed. R. Crim. P. 11(b)(1)(J). But this omission would have been harmless because Sanders consented to the forfeiture in his written plea agreement. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

Sanders' counsel next consider whether he could challenge the reasonableness of his overall prison term, but properly conclude that such a challenge would be frivolous. Sanders' sentence at the bottom of the guidelines range would be presumed reasonable. *See United States v. Rita*, 127 S. Ct. 2456, 2463 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). The district court gave detailed and meaningful consideration to the relevant factors in 18 U.S.C. § 3553(a), *see United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006), especially noting the heightened need for a strong deterrent in Sanders' case because he was previously imprisoned on a drug conviction. And counsel are unable to articulate any reason that the presumption of reasonableness would be overcome on appeal.

Accordingly, the motions of both Heard's and Sanders' counsel are GRANTED, and the appeals are DISMISSED.