NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008
Decided March 19, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2049

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 06-CR-120-002 |
| MICHAEL L. KOSCINSKI, *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

Michael L. Koscinski pleaded guilty to one count of dealing firearms without a license and one count of possessing a firearm as a felon, and was sentenced to 100 months' imprisonment. *See* 18 U.S.C. §§ 922(a)(1), 922(g)(1), 924(a). Koscinski filed a notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a non-frivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Koscinski to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so. Counsel's supporting brief is adequate, so we limit our review to the potential issues it identifies. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The record reveals the following events. Milwaukee police officers, responding to a citizen's complaint, obtained a warrant to search Koscinski's home and there found a firearm. About two weeks later, an informant told the police that he had bought a gun from Koscinski, and had seen several other firearms in Koscinski's apartment. Koscinski, a felon based on an earlier conviction for escape, did not have a valid federal license to sell firearms. Later on, but still before his arrest, Koscinski told federal agents that he had received firearms to sell from his neighbor. After his arrest and indictment on the firearms charges, Koscinski violated the conditions of his pre-trial release by, among other things, using cocaine and marijuana.

In their plea agreement, Koscinski and the government agreed that the applicable base offense level for the two charged offenses was 20, and that there should be a six-level increase for the number of firearms involved. *See* U.S.S.G. § 2K2.1(a)(4), (b)(1)(C). They also agreed to a two-level increase for stolen firearms. *See* § 2K2.1(b)(4). The government further agreed to recommend a three-level reduction for acceptance of responsibility but only if Koscinski behaved consistent with the acceptance of responsibility. *See* § 3E1.1.

Koscinski's PSR repeated these guidelines calculations, except that it did not include the three-level reduction for acceptance of responsibility because, as the PSR explained, Koscinski committed crimes while on bond. The PSR placed him in criminal history category VI. With a total offense level of 28, the PSR recommended a sentencing range of 140 to 175 months' imprisonment.

Koscinski objected to the criminal history calculation in the PSR. He argued that one of his past offenses included in the calculation did not meet the requirements of § 4A1.2(e)(2) because it occurred more than 10 years before the offense in this case, and that he should be in category V. The government agreed. Koscinski also contended that category III better reflected his criminal history and likelihood of recidivism because his past offenses consisted primarily of traffic offenses and non-violent crimes. The government disagreed with this. Finally, the government agreed that he should be credited with acceptance of responsibility. An amended PSR placed him in criminal history category V, yielding a new advisory sentencing range of 130 to 162 months' imprisonment. The PSR noted that with a three-level reduction for acceptance of responsibility, the range would then be 100 to 125 months' imprisonment.

At sentencing, the court concluded that Koscinski should receive the three-level adjustment for accepting responsibility, but rejected Koscinski's argument that criminal history category V overstated the seriousness of his prior offenses. Turning to the sentencing factors listed in 18 U.S.C. § 3553(a), and considering Koscinski's personal history of drug use, the court stated that "there is nothing more serious than guns and drug related

activity, and it is a deadly combination . . . whether you're a user or dealer or distributor of drugs and then have guns around."  The court maintained that "any reasonable person" would conclude that Koscinski was "unable to conform to the simplest requirements" of lawful conduct.  The court also discussed the need for deterrence and protection of the public.  The court then imposed a sentence of 60 months' imprisonment on the first count and 100 months' imprisonment on the second count, to be served concurrently and followed by three years' supervised release.

Counsel first considers whether Koscinski could challenge the voluntariness of his guilty plea, including any defects in the plea colloquy.  Counsel is correct, however, that he cannot proceed to consider such a challenge because Koscinski told him that he does not wish to attack the plea agreement.  *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2003).  Accordingly, we examine the issue no further.

Counsel also correctly determines that any challenge to the reasonableness of Koscinski's sentence would be frivolous. Although, as counsel reports, Koscinski now disagrees with the offense level in the guidelines calculation, he told the district court in the plea agreement that it was correct.  Absent a challenge to the plea agreement, such an argument would be waived.  *See United States v. Murdock*, 491 F.3d 694, 698 (7th Cir. 2007); *United States v. Cooper*, 243 F.3d 411, 415-16 (7th Cir. 2001).  Furthermore, Koscinski's sentence is at the low end of the properly calculated guidelines range and thus would be presumed reasonable on appeal, *see United States v. Rita*, 127 S. Ct. 2456, 2463 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006).  Counsel is understandably unable to articulate any reason why the presumption would be overcome.  The district court gave detailed and meaningful consideration to the relevant factors in 18 U.S.C. § 3553(a), which is all it was required to do.  *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Although Koscinski told the district court that he should not receive a higher sentence than the co-defendant who supplied him with the firearms for sale, any argument that Koscinski's sentence created an "unwarranted disparity" between him and a co-defendant would be frivolous.  *See* 18 U.S.C. § 3553(a)(6).  We have said repeatedly that differences in sentences arising solely from the application of the guidelines cannot be unwarranted.  *See, e.g., United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007).

Finally, counsel reports that Koscinski belatedly received his personal copy of the PSR.  To the extent that Koscinksi is charging his counsel with ineffective assistance, this claim is better pursued in collateral proceedings.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.