**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Belmin Rivas PORTILLO, also known as Belmin Oswaldo Rivas, Defendant–Appellant.**

No. 10–10005
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Susan Cowger, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Laura S. Harper, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Belmin Rivas Portillo pleaded guilty of illegal reentry following removal and was sentenced to a 15–month term of imprisonment and to a one-year period of supervised release. Portillo now appeals his sentence, which was at the top of the range recommended by the Sentencing Guidelines.

The district court sentenced Portillo within a properly calculated guideline range, considered the factors enumerated in 18 U.S.C. § 3553(a), and adequately explained the reasons for its chosen sentence, so Portillo's sentence enjoys a presumption of reasonableness. *See, e.g., Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Caldwell,* 448 F.3d 287, 290 (5th Cir.2006). Portillo can rebut that presumption only by making "a showing that the sentence does not account for a factor that should receive significant weight, [ ] gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 1930, 176 L.Ed.2d 397 (2010). Making such a showing is no easy feat: "It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but [is] *forbidden* afterward, when discretion has gone up rather than down." *United States v. Gama–Gonzalez,* 469 F.3d 1109, 1110 (7th Cir.2006) (Easterbrook, J.).

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.
* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Portillo first argues that the district court imposed his sentence in a manner that "contradicts *Gall*'s directive to treat each defendant as a unique individual, rather than a mathematical construct." Nothing in the record supports Portillo's contention that the district court treated him as a mathematical construct. *Gall* forbids a court of appeals from using a "rigid mathematical formula" to evaluate a non-Guidelines sentence, *see* 552 U.S. at 47, 128 S.Ct. 586 or requiring such a sentence to be "supported by a justification that is proportional to the extent of the difference between the advisory range and the sentence imposed," *id.* at 45, 128 S.Ct. 586 (citation and internal quotation marks omitted). The district court did not calculate Portillo's sentence in a manner that ran afoul of the Supreme Court's teachings in *Gall.*

Portillo next contends that the district court erred in considering his close ties to the United States as an aggravating factor. However, it is not apparent that the district court regarded Portillo's close ties to this country as an aggravating sentencing factor. The district court concluded that "a sentence at the higher of the Guidelines is appropriate essentially for the reasons stated by the government." The government's stated reasons were Portillo's criminal history, demonstrated lack of respect for the law, and membership in a gang. The district court only discussed Portillo's close ties to the United States in response to a suggestion from defense counsel that those ties weighed in favor of a lesser sentence. "While cultural assimilation *may* be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight." *United States v. Lopez–Velasquez,* 526 F.3d 804, 807 (5th Cir.) (per curiam) (internal citation omitted), *cert. denied,* —— U.S. ——, 129 S.Ct. 625, 172 L.Ed.2d 617 (2008). Because Portillo has failed to make a showing that the district court gave "*significant* weight to an irrelevant or improper factor," *see Cooks,* 589 F.3d at 186 (emphasis added), his sentence is:

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.